## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **FUEL PERFORMANCE SOLUTIONS, INC.**<br><br>        **Plaintiff,**<br><br>vs.<br><br>**FOXBARRY PETROLEUM COMPANY, LLC**<br><br>Serve at: 3500 West 75th Street, Suite 200<br>Prairie View, Kansas 66105<br><br>and<br><br>**FEATHERHILL TRANSPORTATION COMPANY, INC.**<br><br>Serve at: 3500 West 75th Street, Suite 200<br>Prairie View, KS  66105<br><br>        **Defendants.** | No. 4:15-CV-1214<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**COMES NOW** Plaintiff, Fuel Performance Solutions, Inc., f/k/a International Fuel Technology, Inc. ("Plaintiff" or "IFT"), by and through its undersigned counsel, and for its claims of relief against Foxbarry Petroleum Company, LLC ("Foxbarry") and Featherhill Transportation Company, Inc. ("Featherhill") (collectively "Defendants") states as follows:

### NATURE OF THE CASE

1. This is a suit for breach of contract, suit on account, and quantum meruit to recover amounts due and owing to Plaintiff from Defendants for the manufacture and delivery of fuel additives to Defendants. The fuel additives were specially manufactured and delivered as

1

requested by Defendants pursuant to their purchase order no. FPG071714A (the "Purchase Order"). A true and accurate copy of purchase order no. FPG071714A is attached hereto as **Exhibit 1** and incorporated herein by this reference. According to the Purchase Order, Defendants jointly agreed to pay Plaintiff Seventy-Six Thousand Five Hundred Dollars ($76,500.00) for the customized fuel additives, which together with the costs of storage totals Eighty-Five Thousand One Hundred Thirty Dollars and sixty-nine cents ($85,130.69).

2. Plaintiff has made multiple demands for payment, including an email dated September 26, 2014, and Defendants responded by email dated October 7, 2014 reaffirming their contract with Plaintiff and promised payment for the fuel additives. A true and accurate copy of both the September 26, 2014 email and the October 7, 2014 email are attached hereto as **Exhibit 2** and incorporated herein by this reference.

3. Plaintiff is entitled to judgment in its favor for the full amount due under the Purchase Order, including costs to store the fuel additives as well as pre and post judgment interest and court costs.

## THE PARTIES, JURISDICTION AND VENUE

4. Plaintiff Fuel Performance Solutions, Inc., f/k/a International Fuel Technology, Inc. is a corporation duly authorized and existing under the laws of the State of Nevada with its principal place of business in the County of St. Louis, State of Missouri. For purposes of diversity jurisdiction, Plaintiff is a citizen of Missouri. 28 U.S.C. § 1332(c)(1).

5. Defendant Foxbarry Petroleum, LLC is a limited liability company organized and existing under the laws of the State of Nevada with offices located at 3500 West 75th Street, Suite 200, Prairie View, Kansas 66105. For purposes of diversity jurisdiction, Defendant Foxbarry is a citizen of Kansas.

6.	Defendant Featherhill Transportation Company, Inc. is a foreign corporation organized and existing under the laws of the State of Kansas with offices located at 3500 West 75th Street, Suite 200, Prairie View, Kansas 66105.  For purposes of diversity jurisdiction, Defendant Featherhill is a citizen of Kansas.

7.	This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

8.	This Court has personal jurisdiction over the Defendants because the contract between Plaintiff and Defendants, as reflected in the Purchase Order, were accepted within the State of Missouri.  Furthermore, Defendants have transacted business within the State of Missouri.  Among other things, Defendants met with Plaintiff at its offices in Clayton, Missouri to discuss Defendants' interest in Plaintiff's fuel additives.  Then Defendants sent the Purchase Order to Plaintiff's employees located in Missouri.  Defendants also directed telephone and written communications to Plaintiff's employees in the State of Missouri relating to the contract at issue.  Defendants have had sufficient minimum contacts with the State of Missouri such that personal jurisdiction is proper, and Defendants' acts within the State of Missouri and its contacts with the forum form the basis for Plaintiff's claims in this case.

9.	Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, and Defendants are subject to personal jurisdiction in this District.

## FACTS COMMON TO ALL COUNTS

10. Plaintiff is a technology company that has developed a broad range of liquid fuel additive formulations that enhance the performance of liquid hydrocarbon fuels and blends with bio-fuels, such as bio-diesel and ethanol.

11. Defendant Foxbarry manages and distributes a complete line of gasoline and diesel products to a wide range of customers.

12. Defendant Featherhill is a transportation company who, upon information and belief, is affiliated with Defendant Foxbarry as either its subsidiary or corporate partnership.

13. On July 17, 2014 Defendants jointly contracted with Plaintiff by sending the Purchase Order directing it to manufacture the customized fuel additives.

14. In reliance upon the Purchase Order, Plaintiff accepted the Purchase Order thereby creating a contract.

15. Defendants never cancelled or rescinded the Purchase Order.

16. Plaintiff manufactured the fuel additives and shipped them to a location for Defendants to pick up.

17. Upon shipping of the fuel additives, Plaintiff issued invoices to Defendants reflecting the total amount due for the Purchase Order.

18. Defendants failed to retrieve the fuel additives from the pickup location, which, as a result, caused Plaintiff to incur storage costs.

19. In the fall of 2014, Plaintiff's representatives began to inquire about the status of payment with Defendants.

20. Defendants' representatives originally indicated to Plaintiff that the invoices had been approved for payment.

4

21. After multiple inquiries by Plaintiff, Defendants' representative, Barry Brautman, stated in an email dated October 7, 2014, that Defendants made arrangements for a partial payment of $38,250 for the initial shipment of fuel additives.

22. Mr. Brautman never indicated that there was a problem associated with the fuel additives or the location where the fuel additives were made available for pickup.

23. As of the filing of this Complaint, Defendants have failed to pay the amounts due and owing to Plaintiff.

## COUNT I – BREACH OF CONTRACT

24. Plaintiff incorporates by reference and realleges, as if the same were fully set forth herein, each of its allegations contained in Paragraphs 1 through 23 of this Complaint.

25. Plaintiff and Defendants entered into a valid and enforceable contract for the manufacture of customized fuel additives for delivery to Defendants.

26. The contract consists of the Purchase Order.

27. At the time of the execution of the contract there was an offer, an acceptance, and an agreement between the parties as to all essential terms of the contract.

28. The contract was supported by valuable consideration.

29. All of the fuel additives were manufactured and delivered as required by the contract.

30. The fuel additives were timely made available to Defendants.

31. Defendants have failed to pay Plaintiff for the manufacture and delivery of the fuel additives per the terms of the parties' contract.

32. Plaintiff has made multiple demands for payment on Defendants.

33. Defendants' failure to pay Plaintiff pursuant to the terms of the parties' contracts is a material breach of the contract.

34. Plaintiff has fully performed its obligations under the parties' contracts, and any conditions precedent to final payment and performance by Defendants have occurred.

35. As a direct result of Defendants' joint breach, Plaintiff has been damaged in the amount of Seventy-Six Thousand Five Hundred Dollars.

WHEREFORE Plaintiff Fuel Performance Solutions, Inc., f/k/a International Fuel Technology, Inc. respectfully requests this Honorable Court enter judgment in its favor and against Foxbarry Petroleum Company, LLC and Featherhill Transportation Company, Inc. in the amount of Eighty-Five Thousand One Hundred Thirty Dollars and sixty-nine cents ($85,130.69) (inclusive of the costs of storage) as well as pre and post judgment interest, its cost herein incurred and for any additional relief as this Court deems just and proper.

## COUNT II – SUIT ON ACCOUNT

36. Plaintiff incorporates by reference and realleges, as if the same were fully set forth herein, each of its allegations contained in Paragraphs 1 through 35 of this Complaint.

37. Plaintiff accepted Defendants' joint Purchase Order and fuel additives were manufactured and delivered as requested by Defendants.

38. Plaintiff charged Defendants for the manufacture and delivery of the fuel additives.

39. Plaintiff sent Defendants invoices for the manufacture and delivery of the fuel additives.

40. The charges for the manufacture and delivery of the fuel additives at Defendants' request by Plaintiff were reasonable.

41. Defendants have failed to pay $76,500.00 of the charges for the manufacture and delivery of the fuel additives per the terms of the Purchase Order.

42. Plaintiff sent Defendants a statement of account notifying Defendants of the outstanding balance.

43. Despite having received this statement of account, Defendants have failed to pay the amounts due and owing to Plaintiff.

WHEREFORE Plaintiff Fuel Performance Solutions, Inc., f/k/a International Fuel Technology, Inc. respectfully requests this Honorable Court enter judgment in its favor and against Foxbarry Petroleum Company, LLC and Featherhill Transportation Company, Inc. in the amount of Eighty-Five Thousand One Hundred Thirty Dollars and sixty-nine cents ($85,130.69) (inclusive of the costs of storage) as well as pre and post judgment interest, its cost herein incurred and for any additional relief as this Court deems just and proper.

## COUNT III – QUANTUM MERUIT

44. Plaintiff incorporates by reference and realleges, as if the same were fully set forth herein, each of its allegations contained in Paragraphs 1 through 43 of this Complaint.

45. Per Defendants' request to Plaintiff, the fuel additives at issue were manufactured and delivered.

46. The fuel additives manufactured and delivered have a certain and reasonable value of $76,500.00 as evidenced by the Purchase Order.

47. Defendants have failed to pay Plaintiff the reasonable value of manufacturing and delivering the fuel additives.

48. As a result, Defendants have been unjustly enriched by the reasonable value of the fuel additives manufactured and delivered.

49. Defendants have failed to pay $76,500.00 of the charges for the manufacture and delivery of the fuel additives per the terms of the Purchase Order.

WHEREFORE Plaintiff Fuel Performance Solutions, Inc., f/k/a International Fuel Technology, Inc. respectfully requests this Honorable Court enter judgment in its favor and against Foxbarry Petroleum Company, LLC and Featherhill Transportation Company, Inc. in the amount of Eighty-Five Thousand One Hundred Thirty Dollars and sixty-nine cents ($85,130.69) (inclusive of the costs of storage) as well as pre and post judgment interest, its cost herein incurred and for any additional relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all claims so triable.

> Respectfully submitted,
> EVANS & DIXON, LLC
>
> */s/ Benjamin M. Fletcher*
> Benjamin M. Fletcher Bar No.: 58309
> 211 N. Broadway, Suite 2500
> St. Louis, Missouri  63102
> (314) 552-4059
> (314) 884-4459
> bfletcher@evans-dixon.com
> *Attorneys for Plaintiff Fuel Performance Solutions, Inc.*