# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| FUEL PERFORMANCE SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FOXBARRY PETROLEUM COMPANY, LLC <br><br> and <br><br> FEATHERHILL TRANSPORTATION COMPANY, INC. <br><br> Defendants. | No. 4:15-CV-1214 |

## **DEFENDANT FOXBARRY PETROLEUM COMPANY, LLC'S ANSWER**

Defendant Foxbarry Petroleum Company, LLC ("Foxbarry" or "Defendant"), by and through counsel, for its Answer to Plaintiff Fuel Performance Solutions, Inc.'s ("Plaintiff") Complaint, states as follows. All averments not expressly admitted below are denied.

### NATURE OF THE CASE

1. Defendant denies that it entered into a contract with Plaintiff for the manufacture and delivery of fuel additives and that it owes any amount to Plaintiff for the manufacture, delivery, and storage of fuel additives. Defendant is without sufficient knowledge to either admit or deny the remaining allegations in Paragraph 1 and, therefore, denies these allegations.

2. Defendant denies that it promised payment for fuel additives pursuant to any contract with Plaintiff. Defendant is without sufficient knowledge to either admit or deny the remaining allegations in Paragraph 2 and, therefore, denies these allegations.

3. Denied.

## THE PARTIES, JURISDICTION AND VENUE

4. Defendant is without sufficient knowledge to either admit or deny the allegations in Paragraph 4 of Plaintiff's Complaint and, therefore, denies each and every allegation contained therein.

5. Defendant admits that Foxbarry is a Nevada limited liability company and that Foxbarry has an office at 3500 West 75th St., Suite 200, Prairie Village, Kansas 66208. Defendant is without sufficient knowledge to either admit or deny the remaining allegations in Paragraph 5 and, therefore, denies these allegations.

6. Defendant is without sufficient knowledge to either admit or deny the allegations in Paragraph 6 of Plaintiff's Complaint and, therefore, denies each and every allegation contained therein.

7. Defendant is without sufficient knowledge to either admit or deny the allegations in Paragraph 7 of Plaintiff's Complaint and, therefore, denies each and every allegation contained therein.

8. Defendant denies that it entered into a contract with Plaintiff. Defendant is without sufficient knowledge to either admit or deny the remaining allegations in Paragraph 8 and, therefore, denies these allegations.

9. Defendant is without sufficient knowledge to either admit or deny the allegations in Paragraph 9 of Plaintiff's Complaint and, therefore, denies each and every allegation contained therein.

## FACTS COMMON TO ALL COUNTS

10. Defendant is without sufficient knowledge to either admit or deny the allegations in Paragraph 10 of Plaintiff's Complaint and, therefore, denies each and every allegation contained therein.

11. Denied.

12. Defendant is without sufficient knowledge to either admit or deny the allegations in Paragraph 12 of Plaintiff's Complaint and, therefore, denies each and every allegation contained therein.

13. Denied.

14. Denied.

15. Defendant is without sufficient knowledge to either admit or deny the allegations in Paragraph 15 of Plaintiff's Complaint and, therefore, denies each and every allegation contained therein.

16. Defendant is without sufficient knowledge to either admit or deny the allegations in Paragraph 16 of Plaintiff's Complaint and, therefore, denies each and every allegation contained therein.

17. Defendant is without sufficient knowledge to either admit or deny the allegations in Paragraph 17 of Plaintiff's Complaint and, therefore, denies each and every allegation contained therein.

18. Denied.

19. Defendant is without sufficient knowledge to either admit or deny the allegations in Paragraph 19 of Plaintiff's Complaint and, therefore, denies each and every allegation contained therein.

20. Defendant is without sufficient knowledge to either admit or deny the allegations in Paragraph 20 of Plaintiff's Complaint and, therefore, denies each and every allegation contained therein.

85279941\V-2

21. Defendant is without sufficient knowledge to either admit or deny the allegations in Paragraph 21 of Plaintiff's Complaint and, therefore, denies each and every allegation contained therein.

22. Defendant is without sufficient knowledge to either admit or deny the allegations in Paragraph 22 of Plaintiff's Complaint and, therefore, denies each and every allegation contained therein.

23. Denied.

## COUNT I -- BREACH OF CONTRACT

24. Defendant incorporates its preceding answers to the allegations contained in Plaintiff's Complaint.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Defendant is without sufficient knowledge to either admit or deny the allegations in Paragraph 32 of Plaintiff's Complaint and, therefore, denies each and every allegation contained therein.

33. Denied.

34. Denied.

35. Denied.

85279941\V-2

WHEREFORE, Defendant asks the Court to dismiss the Plaintiff's Complaint, grant Defendant judgment on the Plaintiff's Complaint, and award such additional relief as the Court believes just, including Defendant's costs and attorneys' fees incurred.

## COUNT II — SUIT ON ACCOUNT

36. Defendant incorporates its preceding answers to the allegations contained in Plaintiff's Complaint.

37. Denied.

38. Defendant is without sufficient knowledge to either admit or deny the allegations in Paragraph 38 of Plaintiff's Complaint and, therefore, denies each and every allegation contained therein.

39. Defendant is without sufficient knowledge to either admit or deny the allegations in Paragraph 39 of Plaintiff's Complaint and, therefore, denies each and every allegation contained therein.

40. Denied.

41. Denied.

42. Defendant is without sufficient knowledge to either admit or deny the allegations in Paragraph 42 of Plaintiff's Complaint and, therefore, denies each and every allegation contained therein.

43. Denied.

WHEREFORE, Defendant asks the Court to dismiss the Plaintiff's Complaint, grant Defendant judgment on the Plaintiff's Complaint, and award such additional relief as the Court believes just, including Defendant's costs and attorneys' fees incurred.

85279941\V-2

## COUNT III — QUANTUM MERUIT

44. Defendant incorporates its preceding answers to the allegations contained in Plaintiff's Complaint.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

WHEREFORE, Defendant asks the Court to dismiss the Plaintiff's Complaint, grant Defendant judgment on the Plaintiff's Complaint, and award such additional relief as the Court believes just, including Defendant's costs and attorneys' fees incurred.

## **AFFIRMATIVE DEFENSES**

In addition to the defenses and denials set forth above, Defendant asserts the following affirmative and other defenses. In pleading these defenses, Defendant does not admit it bears the burden of proof, production, or persuasion on such defenses. These defenses are based on the Complaint as pled at this time and based on a limited investigation and no discovery to date. Defendant reserves the right to amend or add any applicable defenses, as its investigation and discovery continues in this matter, or to address any amendments to the pleadings by the Plaintiff or assertion in any form of other claims.

1. Plaintiff's Complaint fails to state a claim on which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, laches, or other applicable time limit.

3. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, unclean hands, waiver, acquiescence, and fraud.

4. There is no valid and enforceable contract between the parties.

5. Plaintiff's claims are barred, in whole or in part, because, if there was a valid and enforceable contract between the parties, Plaintiff was the first party to materially breach the contract.

6. Plaintiff has not suffered any losses or damages.

7. Plaintiff's claims are barred, in whole or in part, because it has failed to mitigate its damages, if any exist.

8. The alleged damages were not directly or proximately caused by any conduct on the part of Defendant.

9. Plaintiff has conferred no benefit on Defendant.

10. If any benefit has been conferred on Defendant by Plaintiff, it would not be unjust for Defendant to retain such benefit.

11. Plaintiff's claims are barred, in whole or in part, because one or more of them is not an independent cause of action under the law.

12. Any allegations not specifically admitted herein are denied.

13. Defendant reserves the right to assert additional affirmative defenses as they come to light during the course of discovery or otherwise.

Dated: October 14, 2015

Respectfully submitted,

DENTONS US LLP

By:  /s/ Patrick A. McInerney
    Patrick A. McInerney    MO Bar # 37638
    Steven M. Aaron,    MO Bar # 41653
    *Admission Pending*
    Samantha J. Wenger    MO Bar # 64230
    *Admission Pending*
    4520 Main Street, Suite 1100
    Kansas City, Missouri 64111
    Phone: (816) 460-2400
    Fax: (816) 531-7545
    patrick.mcinerney@dentons.com
    steven.aaron@dentons.com
    samantha.wenger@dentons.com

ATTORNEYS FOR DEFENDANT FOXBARRY PETROLEUM COMPANY, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of October, 2015, a copy of the foregoing was filed using the Court's CM/ECF system, which sends electronic notification of filings to the following attorneys of record:

EVANS & DIXON, LLC
Benjamin M. Fletcher Bar No.: 58309
211 N. Broadway, Suite 2500
St. Louis, Missouri 63102
(314) 552-4059
(314) 884-4459
bfletcher@evans-dixon.com

ATTORNEYS FOR PLAINTIFF

    /s/ Patrick A. McInerney
ATTORNEY FOR DEFENDANT

8
85279941\V-2